IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD PORTER                                          PETITIONER

VS.                                          CIVIL ACTION NO. 3:19cv500-CWR-FKB

WALTER VEREEN                                          RESPONDENT

## **REPORT AND RECOMMENDATION**

Richard Porter is a federal prisoner serving sentences at the Federal Correctional Complex in Yazoo City, Mississippi, on numerous drug-trafficking and firearms charges. He brought this action pursuant to 28 U.S.C. § 2241, challenging his convictions on two counts of being a felon in possession of a firearm (counts 14 and 15) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  The undersigned recommends that habeas relief be denied.

In 2003, Porter was tried and convicted by a jury in the Eastern District of Louisiana of a one-kilogram heroin drug conspiracy (count 1), using juveniles to distribute heroin (count 2), a firearms conspiracy (count 3), causing a murder by using a firearm during and in relation to a drug-trafficking offense (count 10), distributing crack cocaine (count 12), discharging a firearm (count 13), and being a felon in possession of a firearm (counts 14 and 15).  Petitioner's felon-in-possession convictions were based upon previous state court convictions for armed robbery and possession of crack cocaine, offenses for which he had previously served prison sentences greater than one

---

[1] Section 922(g) makes it unlawful for certain individuals to possess firearms.  It lists nine categories of persons subject to the prohibition, one of which is convicted felons.  Section 924(a)(2) provides that anyone who knowingly violates § 922(g) shall be fined or imprisoned for up to ten years.

year.  He was sentenced to two concurrent terms of 120 months for the felon-in-possession counts.

Porter appealed, and the Fifth Circuit Court of Appeals affirmed.  *United States v. Davis*, 124 Fed. Appx. 838 (5th Cir. 2005).  Thereafter he sought post-conviction relief pursuant to § 2255, which was denied.

In his § 2241 petition, Porter argues that pursuant to the Supreme Court case of *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his convictions for felon-in-possession are no longer valid.  In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* that he knowingly possessed a firearm and that he knew he belonged to the relevant category of persons prohibited from doing so.  *Id.* at 2200.  At Porter's trial, which was held prior to *Rehaif*, the prosecution did not attempt to prove, and the jury was not instructed to find, that Porter knew he had prior felony convictions.  For this reason, he seeks to have his felon-in-possession convictions vacated.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam).  A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable.  *See* 28 U.S.C. § 2255(e).  A remedy is inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim

was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Respondent argues that Porter cannot proceed under the savings clause because he does not satisfy the third factor. Previously, the undersigned rejected this argument and requested briefing on the issue of whether the claim had been procedurally defaulted. [16]. However, the Fifth Circuit has recently issued an opinion that supports Respondent's position. In *Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021), the Fifth Circuit rejected a petitioner's attempt to bring a *Rehaif* claim under § 2255(e), finding that he had failed to satisfy the third factor where he had neither argued nor come forward with any evidence that he was unaware of his felony status at the time of possession of the firearm. The court observed that a *Rehaif* petitioner will seldom be able to meet his burden of satisfying the third *Reyes-Requena* factor because "[c]onvicted felons typically know they're convicted felons."[2] *Id.* at 786 (quoting *Greer v. United States*, 141 S.Ct. 2090, 2098 (2021)). Here, Porter has neither offered any evidence of lack of knowledge of his status as a convicted felon, nor has he even alleged that he was unaware of his felony status.[3] "Where a prisoner seeks relief under *Rehaif* but fails to 'argue that he was unaware of his [relevant] status, he has

---

[2] According to Respondent, Porter had two prior convictions for armed robbery and one for possession of crack cocaine. He had received two concurrent terms of ten years for the armed robbery convictions and four years for the drug offense.

[3] Porter alleges only that he believed he was no longer prohibited from possessing a firearm because he had completed his sentences on his prior felony convictions.

failed to demonstrate that he [is] entitled to proceed under § 2255(e)'s savings clause." *Id*. (quoting *Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)).  Thus, the undersigned concludes that Porter has failed to satisfy the requirements of § 2255(e).

Because Porter cannot proceed under § 2255(e), this court is without jurisdiction to entertain his claim.  For this reason, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of October, 2021.

/s/ F. Keith Ball
United States Magistrate Judge